11 GRISBAUM, Judge.
In this termination of parental rights appeal, the single issue presented is the appropriate award of attorney’s fees. We set aside and remand.

FACTS AND PROCEDURAL HISTORY

On May 17, 1995, the State of Louisiana, through the Department of Social Services, Office of Community Services, filed a Petition for Termination of Parental Rights seeking to terminate the parental rights of D.Y. to his child T.T.L. On June 19, 1995, the Juvenile Court found D.Y. to be indigent and appointed appellee, Ms. Cynthia Samuel, to represent him.
After the hearing on this matter on November 27, 1995, the trial court terminated D.Y.’s parental rights to T.T.L., and Ms. Samuel submitted her bill for attorney’s fees totaling $887.50. Ms. Samuel’s bill was calculated at a rate of $100.00 per hour for in-eourt work and $75.00 per hour for out-of-court work.
|20n December 4,1995, the trial court held an undocketed review of the fee setting. Counsel for the Department of Social Services, Office of Community Services maintained that Ms. Samuel’s bill was in error and that Part G, Section 9 of the Louisiana Supreme Court General Administrative Rules should apply. The trial court found that Part G did not apply to this matter and ordered payment of the full amount requested by Ms. Samuel.

LAW AND ANALYSIS

Part G, Section 9 of the Louisiana Supreme Court General Administrative Rules provides:
The following fee schedule is hereby established for occasions in which the State of Louisiana compensates attorneys who represent children and their indigent parents in Child in Need of Care and Termination of Parental Rights proceedings:
A Fees for in-court work: $75.00 per hour
B. Fees for out-of-court work: 850.00 per hour
C. Fees for curatorship: 8100.00 total, plus a maximum of $100.00 in reimbursable expenses
*144 Courts may also order higher rates of compensation in extraordinary cases.
This order was signed by the' chief justice and became effective on June 1, 1995. Appellant alleges the trial court erred in not applying this fee schedule to determine the amount of attorney’s fees due. Appellee argues the rule is substantive in nature and, as such, should only be applied prospectively. Since the petition in this matter was filed on May 17, 1995, appellee contends the Section G fee schedule should not apply in this case.
La. Civ.Code art. 6, in part, states that “[i]n the absence of contrary legislative expression, substantive laws apply prospectively only.” A two-fold inquiry is required by La. Civ.Code art. 6. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective ^application. If such intent is expressed, the inquiry ends. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). In this case, Part G, Section 9 is silent as to any intent regarding retroactive or prospective application. As such, the enactment must be classified as substantive, procedural, or interpretive.
Substantive laws either establish new rules, rights, and duties or change existing ones, while interpretive laws merely establish the meaning the statute had from the time of its enactment. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of laws. Rousselle v. Plaquemines Parish School Bd., 93-1916 (La.2/28/94), 633 So.2d 1235.
Because Part G, Section 9 of the Louisiana Supreme Court General Administrative Rules creates a new fee schedule, thus changing the fees for attorneys representing children and their indigent parents, we agree with the trial court that the rule is substantive in nature and as such should only be applied prospectively.
However, we disagree with the trial court as to the crucial date for determining the applicability of Part G. Appellee’s right to attorney’s fees did not attach until her appointment as counsel on June 19, 1995. As such, it is the date of appointment, not the date of the filing of the petition, that determines whether Part G should apply. Since appellee was appointed attorney on June 19, 1995, subsequent to the adoption of Part G, the new fee schedule should apply.
UFor the reasons assigned, the trial court’s judgment dated December 19,1995 is hereby set aside, and the matter is remanded for the determination of the proper amount of attorney’s fees in accordance with Part G, Section 9, of the Louisiana Supreme Court General Administrative Rules.

SET ASIDE AND REMANDED.